UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOWARD ALAN FREUDENVOLL,**

      **Plaintiff,**

**v.**                                                         **Case No:  6:12-cv-467-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____/

**ORDER**

This cause is before the Court on Plaintiff Howard Alan Fruedenvoll's ("Plaintiff") Complaint for review of the Final Decision of the Commissioner of Social Security denying the Plaintiff's claim for benefits (Doc. No. 1).

The United States Magistrate Judge has submitted a report recommending that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision be reversed and remanded for further proceedings.  (Doc. No. 26).

After an independent de novo review of the record in this matter, including the objections filed by the Commissioner (Doc. No. 27) and Plaintiff's response thereto (Doc. No. 28), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation ("R & R").

**I.     BACKGROUND**

The Court adopts as if fully set forth herein the background section from the Magistrate Judge's Report & Recommendation.

In the present case, the Administrative Law Judge ("ALJ") held that Plaintiff is not disabled under Section 1614(a)(3)(A) of the Social Security Act. (Doc. No. 13-2 at p. 26). The ALJ found that Plaintiff suffered the following severe impairments: low ejection fraction, cocaine abuse, and alcohol abuse. (*Id.* at p. 21). As well, the ALJ found that Plaintiff suffered a moderate restriction with respect to concentration, persistence, or pace. (*Id.* at p. 22).

## II.   COMMISSIONER'S OBJECTIONS

The Commissioner argues that the Magistrate Judge improperly found that the ALJ did not properly account for Plaintiff's moderate limitations in concentration, persistence, or pace and that the Magistrate Judge improperly found that that the Appeals Council did not demonstrate that it adequately evaluated new evidence.

### A. *First Objection*

When an ALJ makes a disability determination, the ALJ follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009) (per curiam) (citations omitted). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137 (citation omitted). When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)

(per curiam) (citation omitted).[1]  As well, the Court reviews de novo the ALJ's conclusions of law. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  If the ALJ fails to apply the correct law or provide the Court with sufficient reasoning for determining that the proper legal analysis was conducted, then the Court must reverse.  *Id.* (citation omitted).

In the present case, the Commissioner argues that the Magistrate Judge incorrectly found that the ALJ's residual function capacity ("RFC") did not include Plaintiff's moderate limitations in concentration, persistence, or pace because the ALJ's RFC did not explicitly or implicitly find Plaintiff could perform unskilled work despite those limitations. (Doc. No. 27 at pp. 2-3). As well, the Magistrate Judge found that the hypothetical question posed by the ALJ to the vocational expert ("VE") did not include such limitations. (Doc. No. 26 at p. 16). For support, the Commissioner claims that there is substantial evidence in the record to support the ALJ's RFC determination and the ALJ's hypothetical question to the VE. (Doc. No. 27 at p. 3).

After de novo review, the Court finds that Magistrate Judge's legal reasoning and factual findings are correct and adopts the same rationale set forth in the Magistrate Judge's Report and Recommendation.  Thus, "after finding that the medical record shows that Claimant is moderately limited in the ability to maintain concentration, persistence, or pace, the ALJ totally failed to include such limitations, either explicitly or implicitly, in the hypothetical question to the VE." (Doc. No. 26 at p. 16).

A. *Second Objection*

For its second objection, the Commissioner argues that the Magistrate Judge improperly relies on *Flowers v. Commissioner of Social Security*, 441 F. App'x 735 (11th Cir. 2011) (per

---

[1] Substantial evidence is evidence that is "more than a scintilla, i.e. evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citations omitted).

curiam) (citing *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980))[2] to determine that the Appeals Council, when denying Plaintiff review, did not demonstrate that it adequately evaluated the new evidence Plaintiff submitted. (Doc. No. 27 at pp. 3-4). In denying Plaintiff's request for review of new evidence, the Appeals Council succinctly stated, "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Doc. No. 13-2 at pp. 2-3).

The Magistrate Judge, after a thorough analysis of the law, found that under binding Eleventh Circuit precedent, the Appeals Council, as in *Epps and Flowers*, "merely perfunctorily adhered to the ALJ's decision." Thus, the Magistrate Judge found that the Commissioner's final decision is not supported by substantial evidence. (Doc. No. 26 at p. 23).

The Commissioner argues, *inter alia*, that *Flowers* is not persuasive and that it relies on *Epps*, which arguably involved a situation affirming the ALJ's decision. (Doc. No. 27 at p. 6). The Court finds this argument to be without merit. *See Smith v. Bowen*, 792 F.2d 1547, 1551 (11th Cir. 1986) (showing the Appeals Council using similar review language as that used at bar); *Bowden v. Comm'r of Soc. Sec.*, No. 6:11-cv-620-Orl-GJK, 2012 WL 2179119, at *6-*8 (M.D. Fla. June 13, 2012) (same); *Bell v. Astrue*, No. 2:11-cv-2568-AKK, 2012 WL 2031976, at *7-*8 (N.D. Ala. May 31, 2012) (same). Moreover, after de novo review, the Court finds that the Magistrate Judge's legal reasoning and factual findings are correct and adopts the same rationale set forth in the Magistrate Judge's Report and Recommendation.

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit prior to the close of business on September 20, 1981).

Lastly, the Commissioner argues that the evidence submitted to the Appeals Council does not render the ALJ's decision erroneous. (Doc. No. 27 at p. 7). The Court finds the argument is without merit. Again, the Court agrees with the legal reasoning and the factual findings of the Magistrate Judge and adopts the same rationale set forth in the Magistrate Judge's Report and Recommendation.

### III.  PLAINTIFF'S REQUEST FOR REASONABLE TIME LIMIT

Plaintiff states that the Magistrate Judge did not address his request that if this action is remanded, that the Court impose on the Commissioner a time limit, such as 180 days, to conduct an administrative hearing due to the severity of Plaintiff's medical condition. (Doc. No. 28 at pp. 5-7). The Plaintiff argues that other courts have ordered the Commissioner to resolve a claimant's case within a fixed timeframe (*Id.*). However, upon review, the Court finds that Plaintiff relies on non-binding precedent for his argument. As in prior cases, the undersigned has denied such relief based on *Nowells v. Heckler*, 749 F.2d 1570, 1571 (11th Cir. 1985) (per curiam). In *Nowells*, the court reasoned, "Because of the persuasive reasons against judicially imposed mandatory hearing deadlines set forth by the Supreme Court and discussed by Congress, we decline to grant the claimant's request for a hearing within 90 days." *Nowells*, 749 F.2d at 1571. The Court, again, will follow the reasoning of *Nowells*. Notwithstanding, the Court urges the Commissioner to resolve this matter expeditiously.

### IV.  CONCLUSION

1. The Report and Recommendation, filed January 9, 2013 (Doc. No. 26), is

    **ADOPTED and CONFIRMED** and is made a part of this Order.

2. Commissioner's objections are **OVERRULED**.

3. The final decision of the Commissioner is **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g), for further administrative action consistent with this Order. The Clerk is directed to enter judgment accordingly.

4. The Clerk is **DIRECTED TO CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on January 31, 2013.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties